UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GEORGE DIMITROV CHALOV, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | No. 4:15CV1203 RWS |
| UNITED STATES OF AMERICA, | ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

Before the Court is movant's motion to vacate, set aside or correct sentence brought pursuant to 28 U.S.C. § 2255. [Doc. #1]. Also before the Court is movant's motion to proceed informa pauperis [Doc. #2], as well as his motion for leave to supplement his motion to vacate [Doc. #3]. For the reasons outlined below, movant's motions will be denied, without prejudice, and he will be provided time to amend his motion to vacate.

## Background

On March 27, 2014, movant pled guilty to bank fraud, conspiracy to defraud the United States government, possession of device making equipment and possession of unauthorized access device. On August 29, 2014, defendant was sentenced to twenty-one (21) months on each of the four offenses, to run concurrently. His sentence was to run consecutive to the sentence imposed in the Circuit Court of Cook County, Illinois, under Docket No. 14CR0914001. Movant appealed his conviction and sentence to the Eighth Circuit Court of Appeals, but the sentence was affirmed on November 25, 2015. *Chalov v. U.S.*, No. 15-2971 (8th Cir. 2015).

On April 6, 2015, movant filed his first motion to vacate, pursuant to 28 U.S.C. § 2255. The Court dismissed movant's motion, without prejudice, as prematurely filed, on April 23, 2015. *See Chalov v. U.S.*, No. 4:15CV585 RWS (E.D.Mo. 2015).

On August 5, 2015, movant filed the present motion to vacate, pursuant to 28 U.S.C. § 2255. Before this Court could dismiss the action as prematurely filed, the Eighth Circuit ruled on movant's direct appeal. On that same day, movant filed a memorandum in support of his motion to vacate, or a second supplement to his motion to vacate. [Doc. #5].

**Discussion**

The Court will first address movant's motion for leave to proceed in forma pauperis. As there is no filing fee in a § 2255 action, it is not necessary to proceed as a pauper in this action. As such, movant's motion to proceed in forma pauperis will be denied as moot.

Next, the Court will address movant's attempts to bring his claims for relief throughout three separate documents [Doc. #1, #3 and #5] and within more than one-hundred pages of filings before this Court. Movant's motion to vacate, and his accompanying supplements to his motion, have not been drafted in a manner that complies with the Federal Rules. Because movant's allegations are spread throughout several documents and throughout so many different pages of text, it is difficult for the Court to review his assertions. As a result, the Court will direct petitioner to submit an amended motion that complies with the Rules and will deny his motion to supplement his motion to vacate and strike his accompanying memorandum.

Movant will be required to file an amended motion to vacate, on a court-form, containing all of the allegations he wishes to bring against the government. Simply put, **all** claims in this action must be included in one, centralized motion. Movant's claims must be stated in a succinct manner and any accompanying arguments should be accompanied by specific grounds for relief.

The Federal Rules require clarity in pleadings, including pleadings from pro se parties. Rule 2(c) of the Rules Governing Habeas Corpus Cases requires that a habeas petition "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; (3) state the relief requested; [and] (4) be printed, typewritten, or legibly handwritten..." Rule 2(d) requires that the petition be drafted on the standard form or to substantially follow the form.

Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings in the federal courts to contain a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Rule 8 is applicable to habeas actions pursuant to Rule 12 of the Rules Governing § 2254 Cases.

Movant is warned that the filing of the amended motion to vacate **completely replaces** the original and any supplemental motions or memoranda, and claims that are not re-alleged are deemed abandoned. Movant's failure to file an amended motion to vacate within the thirty (30) day time period will result in a dismissal of this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to proceed #[2] in forma pauperis is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that movant's motion for leave to supplement #[3] is **DENIED**.

**IT IS FURTHER ORDERED** that movant's "memorandum of law in support" of his motion to vacate #[5] is **STRICKEN** as it was filed without leave of court.

**IT IS HEREBY ORDERED** that the Clerk shall mail to movant a form for filing a Motion to Vacate pursuant to 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that movant shall utilize the form and submit an amended motion to vacate that complies with this Memorandum and Order **no later than January 8, 2016**.

**IT IS FURTHER ORDERED** that movant's failure to amend his motion to vacate in accordance with the instructions set forth in this Memorandum and Order will result in a dismissal of this action without prejudice.

/s/ Rodney W. Sippel
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of December, 2015.